**IT IS ORDERED**

**Date Entered on Docket: April 4, 2018**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEW MEXICO

In re:

Joshua Todd Cochran
Sharayah Charity Cochran,
fka Sharayah Charity Hendrix,
fka Sharayah Charity Hamilton,

Case No. 18-10413-t7

Debtor(s).

### DEFAULT ORDER GRANTING 360 MORTGAGE GROUP, LLC RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (REAL PROPERTY)

This matter came before the Court on the Motion for Relief from Stay and Abandonment (Real Property) regarding property located at 3014 Six Shooter Road, Lovington, New Mexico 88260 filed on March 5, 2018, Docket No. 10 (the "Motion") by 360 Mortgage Group, LLC ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On March 5, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

    (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ March 30, 2018
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722


Copies to:

Kemp S. Lewis
Attorney for Debtor
3005 Northridge Dr. Ste H
Farmington, NM 87401-2085

Clarke C. Coll
Trustee
PO Box 2288, Roswell
NM 88202-2288

Joshua Todd Cochran and Sharayah Charity Cochran
Debtors
214 Ave. D
Roswell, NM 88203